UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRIAN J. MANUEL,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )         No. 3:25-CV-619-KAC-DCP
                                    )
XYLEM TREE EXPERTS,                 )
                                    )
            Defendants.             )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court

on Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs

("Application") [Doc. 2] and Complaint [Doc. 1]. For the reasons more fully stated below, the

Court **HOLDS IN ABEYANCE** Plaintiff's Application [**Doc. 2**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen

complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's

indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C.

§ 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." To survive an initial review, a complaint "must contain sufficient

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.    Summary of the Complaint

Plaintiff names one Defendant: Xylem Tree Experts [Doc. 1 p. 1]. Plaintiff utilizes the Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 [*Id.*].

Plaintiff alleges that "[w]hile employed, [his] foreman would regularly urinate in full view of the crew" [*Id.* at 3]. Plaintiff states that "[o]n January 8, 2025, [he] complained to the General Foreman that he was doing this and that [they] could see his genitalia" [*Id.*]. Plaintiff claims that he was "told to record it" and "informed the General Foreman that [he] had already recorded it

because [he] believed people would not believe [him]" [*Id.* at 4]. Plaintiff represents that "[t]he General Foreman spoke with [his] foreman, and [he[ was moved to another crew" [*Id.*]. Plaintiff was "terminated on January 15, 2025" and was later informed by HR that "it was because [he] had filmed the foreman urinating" [*Id.*].

Based on the above, Plaintiff seeks an award of "back pay including lost wages, overtime and interest, from date of discriminatory act to date of judgment," an award of "front pay maximum amount for projected future wages, overtime from judgment on as reinstatement is not feasible due to possible hostility," as well as "compensatory damages maximum for non-pecuniary losses including emotional distress, mental anguish, humiliation and loss of reputation as result of discriminatory actions" [*Id.* at 5].[2]

## B.      Screening of the Complaint

Federal courts have limited jurisdiction. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *EBI-Detroit, Inc.*, 279 F. App'x at 344). Specifically, under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States."

---

[2]      Spelling corrections have been made to the excerpts from Plaintiff's Complaint [*See* Doc. 1].

First, in considering whether there is federal question jurisdiction, the Court notes that Plaintiff's allegations stem from his termination from Xylem Tree Cutters and that he has utilized the Complaint form for violation of civil rights under 42 U.S.C. § 1983. Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

Plaintiff names a private entity not amenable to suit under § 1983. *See Rangel v. Rios*, No. 1:14-cv-61, 2014 WL 713032, at *4 (W.D. Mich. Feb. 24, 2024) ("Plaintiff may not proceed under section 1983 against a private party, 'no matter how discriminatory or wrongful the parties conduct'" (quoting *Tahfs v. Procter*, 316 F.3d 583, 590 (6th Cir. 2003)). Plaintiff bears the burden of proving that the private actor acted under the color of state law in order to be considered a state actor and be held liable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test.

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison v. Garbarino*, 48 F. 3d 192, 195 (6th Cir. 1995) (internal quotations marks and internal citations omitted).

4

Given Plaintiff has not alleged any facts to attribute the private conduct of Xylem Tree Experts to a state actor, the Court does not have jurisdiction under § 1983.

The Court, however, is to liberally construe Plaintiff's complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), and while not specifically alleging that his termination was discriminatory, Plaintiff later references in his request for damages that he suffered "emotional distress, mental anguish, humiliation and loss of reputation as result of discriminatory actions" [Doc. 1 p. 5]. A complaint alleging discrimination under Title VII "need not present detailed factual allegations, but it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference, that [the defendant] discriminated against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (internal citation omitted and citation cleaned up) (emphasis in original). Here, Plaintiff states that he was fired "because [he] had filmed the foreman urinating" [Doc. 1 p. 4]. Even under a liberal construction, this does not constitute a claim of discrimination under Title VII, and Plaintiff does not otherwise make any factual allegations that could give an inference of discrimination.

Accordingly, the Court can discern no basis for federal question jurisdiction due to the above deficiencies.

Next, turning to diversity jurisdiction, federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). A

plaintiff must affirmatively allege the facts showing the existence of jurisdiction in the Complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 183 (1936); Fed. R. Civ. P. 8(a)(1). Here, Plaintiff has not alleged sufficient facts to show that diversity of citizenship exists. While it is reflected in the Complaint that Plaintiff resides in Tennessee and that Xylem Tree Experts has an address in Wakefield, Virginia [Doc. 1 p. 1], Plaintiff has not shown that the amount in controversy exceeds $75,000, nor has he alleged any facts supporting a claim beyond those deemed deficient for the reasons explained above. *See Li v. Wide Open W., Inc.*, No. 2:25-CV-978, 2025 WL 3654344 (S.D. Ohio Dec. 17, 2025) (recommending dismissal where Plaintiff did not "allege that the amount in controversy exceeds $75,000), *report and recommendation adopted*, No. 2:25-CV-978, No. 2:25-CV-978, 2026 WL 95035 (S.D. Ohio Jan. 13, 2026); *see also Kirkland v. City of Maryville*, 54 F.4th 901, 911 (6th Cir. 2022) (providing that claims under the Tennessee Human Rights Act for discrimination "are evaluated identically" to those under Title VII (citation omitted)).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In their amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting their claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a) the names and titles of all [defendants if known];

b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) . . . the location where each relevant event occurred;

e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff's suffered; and

6

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **September 7, 2026.**

> **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge